# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRYAN WEBB JOHNSON,<br><br>        Plaintiff,<br><br>        v.<br><br>JOHN BRAINERD, et al.,<br><br>        Defendant. | Case No. 4:21-cv-00027-JMK[1] |

## ORDER RE SERVICE

Plaintiff initiated this action on November 2, 2021 and paid the filing fee.[2] After Plaintiff filed a Second Amended Complaint, the Court issued an Order Directing Service and Response ("ODSR") on August 9, 2022. After Plaintiff filed a request for more time, the Court issued a Second ODSR on January 27, 2023 providing Plaintiff with an additional 90 days to perform service and granting Plaintiff's motion for assistance from the U.S. Marshal.[3] On April 24, 2023, Plaintiff submitted summonses to the Court and filed three motions.[4] Plaintiff requests a court appointed attorney, to proceed without prepaying costs and fees, and to perform service by email. Although Plaintiff did not specifically request additional

---

[1] On May 3, 2023, Plaintiff's case was reassigned to Judge Joshua M. Kindred for all further proceedings. *See* Docket 35.

[2] Docket 1.

[3] Dockets 20, 30.

[4] Dockets 31-34.

time to perform service, the Court construes Plaintiff's filings as requesting additional time to effect service. In the interests of justice, the Court will provide Plaintiff with one final opportunity to complete service within **30 days** of this order. However, as explained further below, Plaintiff's motions at Dockets 32-34 are DENIED.

## SERVICE

"[S]ervice of a valid summons is necessary before the district court may exercise personal jurisdiction over [a] defendant."[5] Proper service of process is 'not some mindless technicality,' but rather '[t]he requirement stems from the Due Process Clause of the Fifth Amendment, which requires that defendants receive adequate notice of proceedings against them."[6] "To determine whether service of process is proper, courts look to the requirements of Rule 4 of the Federal Rules of Civil Procedure. If a defendant is not timely served, then the Court must—on motion or on its own after notice to the plaintiff—dismiss the action without prejudice against that defendant, or order that service be made within a specified time.[7]

While there is no single test employed by courts when considering whether to extend the time period in which to serve a defendant, courts generally consider

---

[5] *Silbaugh v. Chao,* 942 F.3d 911, 914 (9th Cir. 2019).

[6] *Johnson v. City of Lakewood*, 3:16-cv-05727-RJB, 2017 WL 6033161, at *2 (W.D. Wash. Feb. 8, 2017) (quoting *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 64 (D.D.C. 2011)).

[7] Fed. R. Civ. P. 4(m).

Case No. 4:21-cv-00027-JMK, *Johnson v. John Brainerd, et al.*
Order re Service
Page 2 of 8
Case 4:21-cv-00027-JMK   Document 36   Filed 05/17/23   Page 2 of 8

any prejudice that would arise for the parties, including statute of limitation issues that may arise from a dismissal, and whether plaintiffs "substantially complied" with the service requirements under Fed. R. Civ. P. 4 ("Rule 4").

The Court previously ordered the U.S. Marshal to assist with service and provided Plaintiff with detailed guidance on how to complete the summonses and USM-285 forms for the purpose of effectuating service. A few days before the 90-day deadline, Plaintiff submitted documents to the Court.[8] The Clerk of Court did not issue summonses because they were not properly completed. The USM-285 forms were also incomplete. Plaintiff has not provided enough information to locate Defendants for service of process. Specifically, Plaintiff did not comply with the Court's order to include each Defendant's full name and address on each form.[9] Additionally, unknown persons cannot be served with process until they are identified by their real names. Neither the Marshals nor the Court will perform any investigation as to the identity or location of a defendant.

While the Court takes extensive measures to fairly facilitate self-represented litigation, a self-represented litigant is not excused from the rules that govern court proceedings.[10] Plaintiff acknowledges "the length of time that has lapsed since the

---

[8] Docket 31.

[9] *See* Docket 30.

[10] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F.Supp.2d 965, 976 (2012).

Case No. 4:21-cv-00027-JMK, *Johnson v. John Brainerd, et al.*
Order re Service
Page 3 of 8
Case 4:21-cv-00027-JMK   Document 36   Filed 05/17/23   Page 3 of 8

incident (November 6, 2019)"[11] and cannot reasonably expect that this matter will be continually delayed. Plaintiff is responsible for properly completing the summonses and USM-285 forms in order for the U.S. Marshal to assist with service.

## MOTION FOR ELECTRONIC SERVICE

Although the Court has already ordered the U.S. Marshal to assist with service, Plaintiff now requests to be able to perform service electronically. While there is a narrow exception for email service by affidavit giving an "absent party" notice is filed with the clerk,[12] Plaintiff has not shown diligent inquiry that service could not be completed by standard service methods, pursuant to Federal Rule of Civil Procedure 4(d) or 4(h). Accordingly, this request is premature as Plaintiff has not properly completed summonses at this time. Therefore, Plaintiff's motion at Docket 34 is DENIED without prejudice as premature.

## MOTION TO WAIVE PREPAYMENT OF COSTS AND FEES FOR SERVICE

Although Plaintiff has paid the $402 civil filing and administrative fee, a request to proceed without prepaying costs and fees may be initiated at any stage of a proceeding, since a person who is not an indigent at the commencement of a

---

[11] Docket 29 at 1.

[12] *See* Fed. Rule of Civ. P. 4(e)(6)(D); *see also* Rules 4(d), 4(h).

Case No. 4:21-cv-00027-JMK, *Johnson v. John Brainerd, et al.*
Order re Service
Page 4 of 8
Case 4:21-cv-00027-JMK   Document 36   Filed 05/17/23   Page 4 of 8

suit may become one during or prior to its prosecution.[13] However, Plaintiff now requests to waive costs and fees related to service.[14] While Plaintiff has demonstrated that his financial status has changed since the commencement of this action, the Court has already ordered the U.S. Marshal assist with service. Plaintiff need not prepay for this service, but the costs of service will only be advanced by the United States.[15] The costs for service will be included in any final judgment.[16] Therefore, Plaintiff's motion at Docket 32 is DENIED as moot.

## MOTION FOR COURT APPOINTED ATTORNEY

There is no constitutional right to counsel in a civil case.[17] A court may request, but cannot compel, counsel to appear pro bono on a plaintiff's behalf.[18] Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional

---

[13] *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation"), *aff'd in pertinent part sub. nom*, *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

[14] Docket 32.

[15] *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3)

[16] The U.S. Marshal service fee may be taxed as costs in this case, pursuant to 28 U.S.C. §§ 1920(1) and 1921(a)(1)(A) and included in the judgment. *See also* 28 C.F.R. 0.114 (establishing the amount of fees charged).

[17] *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Wright v. Dir. of Corr.*, 443 F. App'x 289, 293 (9th Cir. 2011)

[18] *See* 28 U.S.C. § 1915(e)(1); *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).

Case No. 4:21-cv-00027-JMK, *Johnson v. John Brainerd, et al.*
Order re Service
Page 5 of 8
Case 4:21-cv-00027-JMK   Document 36   Filed 05/17/23   Page 5 of 8

cases.[19]  In determining whether "exceptional circumstances" exist, courts consider "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."[20]  Neither of these considerations is dispositive, so they must be viewed together.[21]

Plaintiff seeks appointment of counsel to assist him with service of process.[22]  This is not an exceptional circumstance under the law, and the Court has already granted assistance from the U.S. Marshal.  Further, the Court cannot determine at this stage of the proceedings whether Plaintiff is likely to succeed on the merits.  Therefore, Plaintiff's motion for appointment of counsel at Docket 33 is DENIED without prejudice.  Plaintiff may renew the motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED:**

1. **Within 30 days** from the date of this order, Plaintiff shall supply the U.S. Marshal all information needed by the U.S. Marshal to effect service of process.  Plaintiff must complete the summonses and USM-285 forms as

---

[19] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

[20] *Id.* (internal quotation marks and citation omitted).

[21] *Id.*

[22] Docket 33.

Case No. 4:21-cv-00027-JMK, *Johnson v. John Brainerd, et al.*
Order re Service
Page 6 of 8
Case 4:21-cv-00027-JMK   Document 36   Filed 05/17/23   Page 6 of 8

completely and accurately as possible, include an address where each Defendant may be served, and return them to the United States Marshal in accordance with the Court's previous order.

2. While the Court is directing Plaintiff to complete these documents, Plaintiff may choose to pursue service without the assistance of the U.S. Marshal in any manner compliant with Federal Rule of Civil Procedure 4. If Plaintiff does so, Plaintiff shall, **within thirty (30) days,** properly complete service and provide notice to the Court in accordance with the Court's previous orders.

3. The United States Marshal is directed to serve process on Defendants **without prepayment of costs.** Pursuant to 28 U.S.C. §§ 1920(1) and 1921(a)(1)(A), the U.S. Marshal service fee may be taxed as costs in this case,) and included in the judgment.

4. Plaintiff's Motion at Dockets 32 is **DENIED as moot.**

5. Plaintiff's Motion at Docket 33 is **DENIED without prejudice.**

6. Plaintiff's Motion at Docket 34 **is DENIED without prejudice as premature.**

Case No. 4:21-cv-00027-JMK, *Johnson v. John Brainerd, et al.*
Order re Service
Page 7 of 8
Case 4:21-cv-00027-JMK   Document 36   Filed 05/17/23   Page 7 of 8

7. The Clerk of Court is directed to provide a copy of the Court's order at Docket 30 with this order;

8. Plaintiff is cautioned that the failure to comply with this order will result in dismissal of this action.

DATED this 17th day of May, 2023, at Anchorage, Alaska.

*/s/Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 4:21-cv-00027-JMK, *Johnson v. John Brainerd, et al.*
Order re Service
Page 8 of 8
Case 4:21-cv-00027-JMK   Document 36   Filed 05/17/23   Page 8 of 8