# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRYAN WEBB JOHNSON,<br><br>        Plaintiff,<br><br>        v.<br><br>JOHN BRAINERD, et al.,<br><br>        Defendants. | Case No. 4:21-cv-00027-JMK |

## ORDER RE MOTIONS TO DISMISS

On July 6, 2023, Defendant Tamara Axelsson filed a Motion to Dismiss pursuant to Rule 12(b)(6) of Federal Civil Procedure.[1] On July 7, 2023, Defendants Alaska Superior Court Judges Douglas Blankenship, Bethany Harbison, Matthew Christian, Michael MacDonald, Michael McConahy, Earl Peterson, and Benjamin Seekins filed a Motion to Dismiss.[2] In the interests of judicial economy, the Court also addresses and rules on Plaintiff's pending "Motion for Clarification."

### Plaintiff's Motion for Clarification

On May 25, 2023, Plaintiff filed a Motion for Clarification from the Court.[3] Plaintiff requests (1) additional time to serve Defendants; (2) to respond to motions

---

[1] Docket 53.

[2] Docket 55.

[3] Docket 37.

in due time; (3) to "go over the entirety of this case with consideration to all of the above"; (4) to "provide clarity to the issues/definitions stated above"; (5) to "calculate the correct date in which Rule 45 began to toll, with regard to BOTH previous cases," and (6) "suggest how to move forward on this case in a fair and just manner."[4]

While a court may act with leniency towards a self-represented litigant for procedural violations, attorneys and self-represented litigants are expected to follow the same rules and procedures.[5] All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion and comply with the Local and Federal Rules of Civil Procedure.[6] In a motion, a party should state specifically and concisely what he or she wants, so that the Court understands what the party is requesting. Except for alternative requests for relief or as otherwise provided by rule or order of the court, each motion must be filed separately.[7] The Court also requires that motions be filed with a proposed order that the Court can issue, if the motion is granted.[8]

---

[4] Docket 37 at 9.

[5] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F. Supp. 2d 965, 976 (2012); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (establishing self-represented litigants are bound by the same procedural rules as represented parties).

[6] *See* Fed. R. Civ. P. 7(b) ("A request for a court order must . . . state with particularity the grounds for seeking the order" and "state the relief sought.").

[7] Local Civil Rule 7.1(e); *see also* Local Civil Rule 5.1(f)(2).

[8] Local Civil Rule 7.1(b).

Case No. 4:21-cv-00027-JMK, *Johnson v. John Brainerd, et al.*
Order re Motions to Dismiss
Page 2 of 7
Case 4:21-cv-00027-JMK   Document 56   Filed 07/18/23   Page 2 of 7

The proposed order helps to clarify what the moving party is asking the Court to do. Further, judges have no obligation to act as counsel or paralegal to self-represented litigants.[9] It is not the Court's responsibility to inform or correct Plaintiff as to proper court procedures. The Court acknowledges that some of Plaintiff's claims may be subject to a statute of limitations, and he may be unable to refile his claims. However, this case has been pending since November 2, 2021, and involves an incident that allegedly occurred on November 6, 2019. The Court has previously provided sufficient guidance, several extensions of time, and ordered the U.S. Marshal to assist with service.

Therefore, the Court declines to exercise its discretion to extend the time-period to complete service yet again. This case shall proceed as explained below, and the additional arguments and requests contained in Plaintiff's will not be considered by the Court. For these reasons, Plaintiff's **motion at Docket 37 is DENIED.**

**Remaining Defendants**

**A. Defendants John C. Brainerd, Mary Bullis, Josh Whitman, Steven Hansen, and Kevin Clarkson**

---

[9] In *McKaskle v. Wiggins,* 465 U.S. 168, 183–84, (1984). See also *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.,* 528 U.S. 152, 162 (2000) ("[A] judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the [self-represented litigant] that counsel would normally carry out").

Case No. 4:21-cv-00027-JMK, *Johnson v. John Brainerd, et al.*
Order re Motions to Dismiss
Page 3 of 7
Case 4:21-cv-00027-JMK   Document 56   Filed 07/18/23   Page 3 of 7

On May 17, 2023, the Court ordered Plaintiff to complete service within 30 days of that order.[10] If a defendant is not timely served, then the Court must—on motion or on its own after notice to the plaintiff—dismiss the action without prejudice against that defendant, or order that service be made within a specified time.[11] Despite being given notice, instructions, additional time, and multiple warnings, Plaintiff has failed to provide proof of service on the remaining Defendants. Plaintiff's claims against Defendants John C. Brainerd, Mary Bullis, Josh Whitman, Steven Hansen, and Kevin Clarkson are **DISMISSED** without prejudice for failure to serve under Federal Rule of Civil Procedure 4(m).

### B. Medical Director(s)/Doctor at Fairbanks Correctional Facility

While a state actor sued in an official capacity may be designated by official title rather than by name, a court may order the officer's name be added.[12] Further, although courts do not generally favor actions against unknown "Doe" defendants, a plaintiff may sue unnamed defendants when the identity of the alleged defendants may be discoverable later.[13] The Court previously advised Plaintiff that

---

[10] Docket 36.

[11] Fed. R. Civ. P. 4(m).

[12] Fed. R. Civ. P. 17(d).

[13] See *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored. However, situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.") (citations omitted).

Case No. 4:21-cv-00027-JMK, *Johnson v. John Brainerd, et al.*
Order re Motions to Dismiss
Page 4 of 7
Case 4:21-cv-00027-JMK   Document 56   Filed 07/18/23   Page 4 of 7

"unknown persons cannot be served with process until they are identified by their real names. Neither the Marshals nor the Court will perform any investigation as to the identity or location of a defendant."[14]

The Court will allow Plaintiff **90 days** in which to discover the actual name of "Medical Director(s)/Doctors" and to substitute the Defendant's actual name by filing a "Notice of Substitution."[15] Plaintiff is cautioned that any unidentified defendant(s) will ultimately be dismissed from this action.

## Motions to Dismiss

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Plainly, this means that a defendant argues that even if everything in the complaint is true, the defendant did not violate the law. To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[16] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[17] The Court resolves a

---

[14] Docket 36 at 3.

[15] See *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[17] See *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 4:21-cv-00027-JMK, *Johnson v. John Brainerd, et al.*
Order re Motions to Dismiss
Page 5 of 7
Case 4:21-cv-00027-JMK   Document 56   Filed 07/18/23   Page 5 of 7

motion under 12(b)(6) only on the pleadings before it; therefore, no additional evidence may be submitted to defend those arguments.

Local Civil Rule 7.4 requires that unless otherwise ordered, opposition memoranda must not exceed 35 pages or 10,000 words. Further, a proposed order does not need to be lodged with any cross-motion for summary judgment pursuant to Local Civil Rule 7.1(b)(1). Failure to respond to the Motion to Dismiss could be deemed as an admission that the motion is well-taken, result in a summary ruling, and end the case.[18]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's claims against Defendants John C. Brainerd, Mary Bullis, Josh Whitman, Steven Hansen, and Kevin Clarkson are **DISMISSED** without prejudice for failure to serve under Federal Rule of Civil Procedure 4(m).

2. The Clerk of Court is directed to **terminate** John C. Brainerd, Mary Bullis, Josh Whitman, Steven Hansen, and Kevin Clarkson as defendants.

3. Plaintiff has **90 days** from the date of this order in which to discover, by subpoena or otherwise, the identity of unnamed Defendants <u>and</u> to file a "Notice of Substitution." After 90 days, any unidentified defendant(s) will be dismissed from this action without further notice to Plaintiff unless Plaintiff seeks and is granted an extension of time.

---

[18] *See generally* Local Civil Rule 7.1(h).

Case No. 4:21-cv-00027-JMK, *Johnson v. John Brainerd, et al.*
Order re Motions to Dismiss
Page 6 of 7
Case 4:21-cv-00027-JMK   Document 56   Filed 07/18/23   Page 6 of 7

4. Plaintiff has until on or before **21 days after the date of this order** to serve and file on Defendants any opposition to Defendants' Motions to Dismiss at Dockets 53 and 55.

5. Defendants have **14 days** after service of the Plaintiff's opposition to serve and file a reply.

DATED this 18th day of July, 2023, at Anchorage, Alaska.

                                                */s/ Joshua M. Kindred*
                                                JOSHUA M. KINDRED
                                                UNITED STATES DISTRICT JUDGE

Case No. 4:21-cv-00027-JMK, *Johnson v. John Brainerd, et al.*
Order re Motions to Dismiss
Page 7 of 7
Case 4:21-cv-00027-JMK   Document 56   Filed 07/18/23   Page 7 of 7