IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRYAN WEBB JOHNSON,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN C. BRAINERD, *et al.*,<br><br>        Defendants. | Case No. 4:21-cv-00027-JMK<br><br>**ORDER REGARDING PENDING MOTIONS** |

Pending before the Court are several motions. At Docket 37, Plaintiff Bryan Webb Johnson seeks clarification of a prior order. At Docket 53, Defendant Tammy Axelsson moves to dismiss Mr. Johnson's claims against her in lieu of answering. At Docket 55, Defendants Douglas Blankenship, Matthew Christian, Bethany Harbison, Michael MacDonald, Michael McConahy, Earl Peterson, and Benjamin Seekins move to dismiss Mr. Johnson's claims against them in lieu of answering. At Docket 60, Mr. Johnson moves the Court to reconsider its *Order Regarding Motions to Dismiss* at Docket 56. And, at Docket 61, Mr. Johnson moves the Court to define the requirements for requesting counsel.[1]

---

[1] At Docket 59, Mr. Johnson also moves to "show receipt of certified mail/docs." The Court understands Mr. Johnson to indicate that he has received the Defendants' motions to dismiss and other papers. The Court will rule out the Motion as it does not have a role in the service of

## I. BACKGROUND

This is a civil rights action for damages arising from Bryan Webb Johnson's incarceration for over two years without trial in Fairbanks, Alaska.

On March 9, 2017, a grand jury indicted Mr. Johnson in *State of Alaska v. Bryan Webb Johnson*, Case No. 4FA-17-00293CR.[2] On July 10, 2017, Mr. Johnson appeared for his arraignment.[3] Following the hearing, he was incarcerated by the State of Alaska at the Fairbanks Correctional Center ("FCC").[4] On July 19, 2017, Mr. Johnson entered a not guilty plea in this case and a trial date was scheduled.[5] Mr. Johnson then requested several continuances and next appeared in court on January 9, 2018.[6] But, following this appearance, Mr. Johnson remained in custody with no future court dates.[7]

At the time, Mr. Johnson was also engaged in a separate criminal proceeding. In *State of Alaska v. Bryan Webb Johnson*, Case No. 4FA-14-00321CR, the State of Alaska moved to revoke probation based on Mr. Johnson's indictment.[8] At a hearing in that case on August 11, 2017, the court determined it would not set a hearing date until the pending criminal matter, Case No. 4FA-17-00293CR, was resolved.[9]

---

motions between the parties. If Mr. Johnson believes the Court has misunderstood his motion or seeks some other relief, he may file another motion.
[2] Docket 20-29 at 2.
[3] *Id.*
[4] Docket 20-2 at 7.
[5] Docket 20-29 at 2.
[6] *Id.* at 2.
[7] *Id.* at 3.
[8] *Id.* at 2.
[9] *Id.*

*Bryan Webb Johnson v. John C. Brainerd et al.*　　　　　　　　　　　　　　　　Case No. 4:21-cv-00027-JMK
Order Regarding Pending Motions　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
Case 4:21-cv-00027-JMK　　Document 66　　Filed 01/24/24　　Page 2 of 15

After over two years at FCC, on October 2, 2019, Mr. Johnson was appointed new counsel when his former attorney took the bench and moved to dismiss his indictment based on the court's failure to comply with his speedy trial rights under Alaska Criminal Rule 45.[10]

The court granted the motion and found that it failed to check if Mr. Johnson's counsel timely filed a change of plea request, that no new trial date was set after Mr. Johnson's court appearance on January 9, 2018, and that, as a result, he was held at FCC with no action planned in either of his criminal cases.[11] The court concluded that the time for trial for purposes of Rule 45 was no longer tolled by Mr. Johnson's requested continuances as of March 12, 2018, and that his time incarcerated on October 2, 2019, exceeded the day limit for time to trial.[12] It then dismissed his 2017 criminal matter for failure to timely prosecute.[13]

Mr. Johnson was released from FCC on November 6, 2019, 849 days after he initially was incarcerated to await trial.[14] All told, Mr. Johnson was held for over two years without trial due to the court's errors and, as the Alaska Superior Court acknowledged, absent intervention by Mr. Johnson's new counsel, he could have remained at FCC and neither of his criminal cases would have received any attention.[15]

---

[10] *See id.* at 4.
[11] *Id.* at 4.
[12] *Id.* at 6.
[13] *Id.*
[14] Docket 20 at 5.
[15] Docket 20-29 at 5.

*Bryan Webb Johnson v. John C. Brainerd et al.*  Case No. 4:21-cv-00027-JMK
Order Regarding Pending Motions  Page 3
Case 4:21-cv-00027-JMK   Document 66   Filed 01/24/24   Page 3 of 15

Mr. Johnson ultimately initiated this case to recover damages for the violation of his speedy trial rights and for denial of essential medical treatment at FCC.[16] With respect to his claim for denial of essential medical treatment, he alleges that, while incarcerated at FCC, he suffered an injury to his back and was denied a "med-bed" for this and other injuries.[17] Mr. Johnson later amended his complaint to add individual defendants, including Tammy Axelsson, the Superintendent of FCC at the time of his imprisonment, a number of judges who were involved in his criminal cases, his defense attorney, the Medical Director at FCC, a probation officer, and others.[18]

Taken as true, Mr. Johnson's allegations depict an egregious violation of his rights as a criminal defendant. The question posed by this suit and the motions addressed herein is whether, and against whom, Mr. Johnson may seek monetary damages.

## II. LEGAL STANDARD

A party may move for dismissal when a plaintiff's complaint "fails to state a claim upon which relief can be granted."[19] To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, if taken as true, would state a legal claim to relief that is "plausible on its face."[20] Conclusory statements, unwarranted inferences, and "[t]hreadbare recitals of the elements of a cause of action" will not defeat dismissal; a plaintiff must "plead[] factual content that allows the court to draw the

---

[16] Docket 1 at 2–3.
[17] *Id.* at 2; Docket 20-2 at 23.
[18] Docket 20-2 at 11–21.
[19] Fed. R. Civ. P. 12(b)(6).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted); accord *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

*Bryan Webb Johnson v. John C. Brainerd et al.*     Case No. 4:21-cv-00027-JMK
Order Regarding Pending Motions     Page 4
Case 4:21-cv-00027-JMK   Document 66   Filed 01/24/24   Page 4 of 15

reasonable inference that the defendant is liable for the misconduct alleged."²¹ In reviewing the motion to dismiss, the court construes all facts alleged in the complaint in the light most favorable to the plaintiff.²² Dismissal for failure to state a claim is proper "if it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief."²³

The court liberally construes the pleadings of *pro se* or self-represented litigants.²⁴ Nonetheless, a self-represented litigant's complaint must comply with Federal Rules of Civil Procedure.²⁵

### III. DISCUSSION

The Court will address each of the pending motions in turn.

### A. Clarification of Court's Prior Order

Mr. Johnson requests clarification of certain aspects of a prior order. In particular, he seeks clarification regarding the screening requirements for self-represented litigants, the ability of the state to participate in this case, and the scope of the state's sovereign immunity.²⁶ The Court provides the following clarifications and will rule out the motion at Docket 37 as **GRANTED**.

---

²¹ *Iqbal*, 556 U.S. at 678.
²² *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (quoting *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012)).
²³ *Laborers' Int'l Union of N. Am., Loc. 341 v. Main Bldg. Maint., Inc.*, 435 F. Supp. 3d 995, 1000 (D. Alaska 2020) (quoting *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001)).
²⁴ *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010).
²⁵ *See Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (noting that *pro se* litigants are "expected to abide by the rules of the court in which [they] litigate[]").
²⁶ Docket 37 at 2–4.

*Bryan Webb Johnson v. John C. Brainerd et al.*  Case No. 4:21-cv-00027-JMK
Order Regarding Pending Motions  Page 5
Case 4:21-cv-00027-JMK   Document 66   Filed 01/24/24   Page 5 of 15

*First*, federal law requires that a court must review, or "screen," a complaint in a civil action in which a prisoner seeks redress from a governmental entity, a government employee, or a government officer.[27] As part of its screening, the Court reviews the complaint to determine if it states a viable claim and whether it seeks monetary damages from a defendant who is immune from suit.[28] This Court mistakenly believed this requirement applied to Mr. Johnson as an individual who formerly was incarcerated, screened his complaint, and directed him to file an amended complaint.[29] The Court has not, and will not, screen Mr. Johnson's Second Amended Complaint, filed at Docket 20.

*Second*, the State of Alaska has been dismissed as a defendant in this case because a plaintiff may not sue a state for damages.[30] Going forward, the state will not be able to file in this case on its own behalf. However, the Alaska Department of Law generally represents state employees. Therefore, in this case, the Department of Law is representing the Defendant Judges and Defendant Tammy Axelsson and will submit filings on their behalf.

*Third*, the State of Alaska has not waived its sovereign immunity in this case, as Mr. Johnson suggests.[31] The Eleventh Amendment to the United States Constitution bars citizens from bringing suits against a state for monetary damages unless the state's immunity has been waived or abrogated by the United States Congress.[32] A plaintiff can

---

[27] 28 U.S.C. § 1915A
[28] 28 U.S.C. § 1915A(b).
[29] Docket 6; Docket 10.
[30] *See* Docket 10 at 5–6.
[31] Docket 37 at 6.
[32] *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54–55 (1996).

show that a state has waived its sovereign immunity by showing that the state has explicitly consented to suit in particular circumstances in statute or by voluntarily submitting its rights for judicial determination.[33] Here, the State of Alaska has not consented to suit and Congress has not abrogated the state's immunity. Thus, the State of Alaska is immune from suit, even though Mr. Johnson alleges that it violated his rights.

**B.     Defendant Tammy Axelsson's Motion to Dismiss**

Next, Defendant Tammy Axelsson, the former Superintendent of FCC, moves to dismiss Mr. Johnson's claim against her. She argues that Mr. Johnson's claim is barred by the statute of limitations because he did not file his amended complaint until more than two years after his alleged injuries and the medical claim asserted in his Second Amended Complaint does not "relate back" to his original complaint and thus is time-barred.[34] Mr. Johnson responds in opposition and argues that a court has already found that his rights were violated.[35] He further indicates that, upon his release for FCC, he expected that the state would investigate the situation and offer him an opportunity to press charges and that he delayed in filing this suit in order allow an investigation to be conducted.[36]

A plaintiff must file their claim within a limited period from the time of their injury. This period depends on the statute of limitations enacted for a particular type of claim. 42 U.S.C. § 1983, under which Mr. Johnson asserts violations of his federal civil

---

[33] *Sossamon v. Texas*, 563 U.S. 277, 284 (2011); *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 619 (2002).
[34] Docket 53-1 at 8–10.
[35] Docket 62 at 9.
[36] *Id.* at 6.

*Bryan Webb Johnson v. John C. Brainerd et al.*  Case No. 4:21-cv-00027-JMK
Order Regarding Pending Motions  Page 7
Case 4:21-cv-00027-JMK   Document 66   Filed 01/24/24   Page 7 of 15

rights, does not contain its own statute of limitations. Instead, federal courts apply the statute of limitations for personal injury actions under the law of the state in which the federal court sits.[37] In Alaska, the limitations period for personal injury actions is two years from the time a cause of action accrues.[38] "A cause of action accrues when a party knows or should know that he has a claim"; ordinarily, the date on which the injury occurs.[39]

In some circumstances, a claim that is included as part of an amended complaint "relates back" to the original complaint and is assessed as if it was filed on the date of the original complaint for purposes of determining whether it was filed within the statute of limitations.[40] An amendment that adds a new party "relates back" to the date of the original complaint if (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading"; (2) within the time for service of the original complaint, the new party "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits"; (3) and knew or should have known of the action against it.[41]

Ms. Axelsson argues that Mr. Johnson's claim against her is barred by the statute of limitations because he did not file either of his amended complaints within two years of his alleged injuries.[42] Furthermore, she asserts that Mr. Johnson's Second

---

[37] *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014).
[38] Alaska Stat. § 09.10.070.
[39] *Yurioff v. Am. Honda Motor Co.*, 803 P.2d 386, 388 (Alaska 1990).
[40] Fed. R. Civ. P. 15(c).
[41] Fed. R. Civ. P. 15(c)(3).
[42] Docket 53-1 at 8.

Amended Complaint does not relate back to the initial complaint in this action and the claims therein cannot be assessed as it filed at that time.[43] Finally, Ms. Axelsson argues that, even if the claims in Mr. Johnson's Second Amended Complaint relate back to the initial complaint, his medical negligence claim must be dismissed because it accrued before November 1, 2019—two years prior to the filing of the initial complaint.[44]

Throughout this action, Mr. Johnson has asserted a claim for denial of essential medical care under 42 U.S.C. § 1983.[45] However, he did not name Ms. Axelsson as a defendant until he filed an amended complaint.[46] And Ms. Axelsson did not receive notice of the claim against her until Mr. Johnson served her a summons and the Second Amended Complaint on June 15, 2023.[47] Mr. Johnson's Second Amended Complaint alleges that he suffered a back injury after he was assaulted on July 8, 2017, and did not receive adequate care. While the date or dates on which Mr. Johnson was denied care is unclear, there is no question that it took place prior to his release from FCC on November 6, 2019. Therefore, his cause of action accrued no later than November 6, 2019, and the two-year limitations period to assert this claim ran on November 6, 2021. Mr. Johnson's original complaint was filed within this period, on November 2, 2021.[48]

However, because Mr. Johnson added Ms. Axelsson as a new defendant, his claims against her only relates back to the filing of his original complaint if the three

---

[43] Docket 53-1 at 8–10.
[44] *Id.* at 10.
[45] *See* Docket 1 at 2; Docket 20-2 at 23.
[46] *See* Docket 15 at 3.
[47] Docket 51.
[48] Docket 1.

*Bryan Webb Johnson v. John C. Brainerd et al.*      Case No. 4:21-cv-00027-JMK
Order Regarding Pending Motions      Page 9
Case 4:21-cv-00027-JMK   Document 66   Filed 01/24/24   Page 9 of 15

requirements of Rule 15(c)(3) are satisfied. These claims do not relate back because Ms. Axelsson did not receive "such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits" within the time for service of the original complaint.[49] Indeed, Mr. Johnson served his Second Amended Complaint on June 15, 2023, well beyond the prescribed time for service. "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."[50] Therefore, Mr. Johnson's claim for denial of essential medical care against Ms. Axelsson was not timely filed and must be dismissed.

### C. Judicial Defendants' Motion to Dismiss

At Docket 55, Defendant Alaska Superior Court Judges Douglas Blankenship, Bethany Harbison, Matthew Christian, Michael MacDonald, Michael McConahy, Earl Peterson, and Benjamin Seekins (collectively "Defendant Judges") move to dismiss Mr. Johnson's claims against them. They argue that these claims are time barred, that they do not relate back to the original complaint, and that the Defendant Judges are entitled to judicial immunity.[51] Mr. Johnson argues that immunity is not absolute.[52]

State judges are immune from suits for damages for their judicial acts.[53] And this judicial immunity applies "even when the judge is accused of acting maliciously and

---

[49] Fed. R. Civ. P. 15(c)(3).
[50] *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).
[51] Docket 55-1 at 2.
[52] Docket 62 at 11.
[53] *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 553–54 (1967)).

*Bryan Webb Johnson v. John C. Brainerd et al.*  Case No. 4:21-cv-00027-JMK
Order Regarding Pending Motions  Page 10
Case 4:21-cv-00027-JMK   Document 66   Filed 01/24/24   Page 10 of 15

corruptly. . . ."[54] Judicial immunity does not apply in all circumstances. "A judge lacks immunity where he acts in the 'clear absence of all jurisdiction,' or performs an act that is not 'judicial' in nature."[55] "To determine if a given action is judicial, those courts focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."[56] "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction."[57]

      Mr. Johnson alleges that the Defendant Judges were each involved in some manner in his criminal proceedings at the time of his incarceration. In particular, he alleges that Judge Harbison presided over a July 19, 2017, hearing in Case No. 4FA-17-00293CR in which Mr. Johnson entered a plea and that she set an electronic reminder in the case rather than a trial date.[58] He further alleges that Judge Blankenship, following reassignment of the case from Judge Harbison, should have noticed an electronic reminder associated with the case and scheduled trial, and that his failure to do so allowed the case to languish while Mr. Johnson awaited trial at FCC.[59] Additionally, he alleges either

---

[54] *Pierson*, 386 U.S. at 554; *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal quotations omitted) ("Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.").

[55] *Ashelman*, 793 F.2d at 1075 (first quoting *Bradley v. Fisher,* 80 U.S. 335, 351 (1871), then quoting *Stump v. Sparkman,* 435 U.S. 349, 360 (1978)).

[56] *Id.* at 1075–76.

[57] *Id.* at 1076.

[58] Docket 20-2 at 14.

[59] *Id.* at 13.

*Bryan Webb Johnson v. John C. Brainerd et al.*  Case No. 4:21-cv-00027-JMK
Order Regarding Pending Motions  Page 11
Case 4:21-cv-00027-JMK  Document 66  Filed 01/24/24  Page 11 of 15

Judge Christian or Judge Seekins failed to set a future hearing when necessary, that Judge McCohany did not address Rule 45 during a September 7, 2017, hearing, that Judge MacDonald reassigned the case but did not notice that it had not received appropriate attention, and that Judge Peterson, to whom the case was reassigned, neglected the case.[60]

Each defendant judge is immune from suit in this case. Mr. Johnson seeks damages for acts which are the normal judicial functions of each judge, which occurred in court or chambers, and were performed as part of the normal judicial function of presiding over a case or as part of their administrative duties as judicial officers. Setting electronic reminders with respect to cases, scheduling or failing to schedule hearings or trials, conducting hearings, and assigning cases, which Mr. Johnson alleges occurred here, are all judicial acts.

Furthermore, with respect to each alleged act, each judge was within their jurisdiction. Mr. Johnson was a criminal defendant in cases over which the Court and Defendant Judges had subject matter jurisdiction.

Accordingly, the Defendant Judges are immune from Mr. Johnson's claims. The Defendant Judges' Motion to Dismiss is **GRANTED** and the claims asserted against Alaska Superior Court Judges Douglas Blankenship, Bethany Harbison, Matthew Christian, Michael MacDonald, Michael McConahy, Earl Peterson, and Benjamin Seekins are **DISMISSED**.

---

[60] *Id.* at 14–17.

*Bryan Webb Johnson v. John C. Brainerd et al.*     Case No. 4:21-cv-00027-JMK
Order Regarding Pending Motions     Page 12
Case 4:21-cv-00027-JMK    Document 66    Filed 01/24/24    Page 12 of 15

**D.	Mr. Johnson's Motion for Reconsideration**

At Docket 60, Mr. Johnson moves the Court to reconsider its prior order dismissing Defendants Mary Bullis and John C. Brainerd for failure to serve. Mr. Johnson argues that the Court should have first given him notice of the service issue and given him the opportunity show good cause for his failure to timely serve.[61]

Reconsideration requires "showing of . . . manifest error of the law or fact; discovery of new material facts not previously available; or intervening change in the law."[62] Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[63] "[A] party must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."[64] Additionally, the three circumstances enumerated in Local Rule 7.3(h)(1) "are the sole grounds for granting a motion for reconsideration; such a motion 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'"[65]

The Court has extended the time for service of the summons on multiple occasions.[66] However, Mr. Johnson is correct that the Court did not allow him to show good cause for his failure to serve Mr. Brainerd before dismissing his claim as required.

---

[61] Docket 60 at 2.
[62] D. Alaska Loc. Civ. R. 7.3(h)(1).
[63] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quotations omitted).
[64] *Blakney v. Prasad*, No. 3:18-CV-00098-TMB, 2019 WL 3253961, at *1 (D. Alaska July 19, 2019) (internal quotations and citations omitted).
[65] *Id.* (quoting *Carroll*, 342 F.3d at 945).
[66] *See* Docket 25, Docket 30, Docket 36.

*Bryan Webb Johnson v. John C. Brainerd et al.*	Case No. 4:21-cv-00027-JMK
Order Regarding Pending Motions	Page 13
Case 4:21-cv-00027-JMK   Document 66   Filed 01/24/24   Page 13 of 15

Therefore, Mr. Johnson's *Motion for Reconsideration* is **GRANTED**. Mr. Johnson must show good cause for his failure to timely serve Mr. Brainerd **within 30 days**.

E.  **Mr. Johnson's Motion to Define Requirements for Requesting and Assignment of Counsel**

Finally, Mr. Johnson moves the Court to clarify the requirements for it to request volunteer counsel for him.[67]

A litigant has no federal right to an appointed attorney in a civil action.[68] Under 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary. In order to request counsel,

> [a] district court must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is dispositive; rather they must be considered cumulatively.[69]

Without these factors, there are no "exceptional circumstances" under which the Court may request counsel for a civil litigant pursuant to 28 U.S.C. § 1915(e)(1).[70]

Mr. Johnson has not demonstrated he is likely to succeed on the merits of his claims. Further, it appears that he might be able to adequately articulate his claims, even

---

[67] Docket 61.
[68] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S. Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").
[69] *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970).
[70] *Id.*; *Palmer*, 560 F.3d at 970 (citations omitted) ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).").

*Bryan Webb Johnson v. John C. Brainerd et al.*     Case No. 4:21-cv-00027-JMK
Order Regarding Pending Motions     Page 14
Case 4:21-cv-00027-JMK   Document 66   Filed 01/24/24   Page 14 of 15

if those claims are not viable causes of action under § 1983. As such, the Court will not request a volunteer attorney on Mr. Johnson's behalf.

Finally, although Section 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time.

Mr. Johnson's motion at Docket 61 will be ruled out as **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the Court rules as follows:

1. Mr. Johnson's *Motion for Clarification* is **GRANTED**.

2. Ms. Axelsson's *Motion to Dismiss* is **GRANTED**.

3. Defendant Judges' *Motion to Dismiss* is **GRANTED**.

4. Mr. Johnson's *Motion for Reconsideration* is **GRANTED**. He must show good cause for his failure to timely serve Mr. Brainerd within **30 days of this order**.

5. Mr. Johnson's Motion to Define Requirements for Requesting and Assignment Counsel is **DENIED**.

IT IS SO ORDERED this 24th day of January, 2024, at Anchorage, Alaska.

    */s/ Joshua M. Kindred*
    JOSHUA M. KINDRED
    United States District Judge

*Bryan Webb Johnson v. John C. Brainerd et al.*     Case No. 4:21-cv-00027-JMK
Order Regarding Pending Motions     Page 15
Case 4:21-cv-00027-JMK   Document 66   Filed 01/24/24   Page 15 of 15