# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BRYAN WEBB JOHNSON,

        Plaintiff,

  v.

JOHN C. BRAINERD, *et al.*,

        Defendants.

Case No. 4:21-cv-00027-SLG

## **ORDER OF DISMISSAL**

Before the Court at Dockets 77 and 78, Plaintiff Bryan Johnson, a self-represented plaintiff, filed a Motion and an Amended Motion for Court to View Judge Kindred's Retirement as Sua Sponte Recusal as His Court Orders Show Actual &/or Appearance of Bias; plus Motion to Reasses[s] his Orders for Legality and Ethics. Dismissed Defendants State of Alaska, Blankenship, Harbison, Christian, MacDonald, McConahy, Peterson, Seekins, and Axelsson, responded in opposition, treating it as a Rule 60(b) motion.[1] This case was reassigned to the undersigned judge on July 10, 2024, in light of the resignation of former Judge Kindred.[2]

Also before the Court at Docket 73 is Plaintiff's response to the Court's order regarding service on Defendants Brainerd and Bullis. Defendant Bullis filed a

---

[1] Docket 80.

[2] Docket 76.

limited appearance to object to Plaintiff's response at Docket 75.

## I. BACKGROUND

On November 2, 2021, Mr. Johnson filed a Complaint alleging that the State of Alaska violated his Fourteenth Amendment rights to due process and medical care while he was a pretrial detainee at the Fairbanks Correctional Center ("FCC").[3] With the Complaint, Mr. Johnson attached an order dated November 6, 2019, from the Superior Court for the State of Alaska.[4] That order dismissed Mr. Johnson's state court criminal charges with prejudice because the speedy trial clock expired under Alaska Criminal Rule 45 by 450 days.[5]

On November 4, 2021, District Judge Timothy M. Burgess recused himself from the matter and the case was reassigned to District Judge Ralph R. Beistline.[6] Shortly thereafter, the State of Alaska filed a Motion to Dismiss at Docket 4. Finding that the Complaint was subject to screening pursuant to 28 U.S.C. § 1915A, Judge Beistline stayed the Motion to Dismiss.[7] On March 4, 2022, the Court issued a Screening Order; that order dismissed the Complaint for failure to state a claim, granted leave to amend, and denied the Motion to Dismiss as moot.[8]

---

[3] Docket 1.

[4] Docket 1; Docket 1-1.

[5] Docket 1-1.

[6] Docket 3.

[7] Docket 6.

[8] Docket 10 at 12.

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 2 of 19
Case 4:21-cv-00027-SLG   Document 82   Filed 10/23/24   Page 2 of 19

The screening order instructed Mr. Johnson on how to plead claims under 42 U.S.C. § 1983, the Sixth and Fourteenth Amendments, and relevant Alaska state tort law.[9] The order also noted that to successfully bring a claim under § 1983 "require[s] a viable state actor as a proper defendant," and that judges and their associated staff are absolutely immune from suit under 42 U.S.C. §1983.[10]

On April 22, 2022, Mr. Johnson filed a First Amended Complaint and, three days later, a Notice to the Court with 60 pages of exhibits.[11] Without action from the Court, Mr. Johnson filed a Second Amended Complaint ("SAC") with his exhibits on May 17, 2022, which is the operative complaint at this time.[12] In short

---

[9] *See* Docket 10.

[10] Docket 10 at 9–10 n.33. Indeed, it appears that a former pretrial detainee cannot maintain an action for damages under federal law for wrongful incarceration. The sole remedy available in federal court would appear to be a petition for a writ of habeas corpus seeking one's release from pretrial detention. *See* 28 U.S.C. § 2441; *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus."); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas [i.e. related to the validity of any confinement or to particulars affecting its duration], and such claims may not be brought in a § 1983 action."); *Puett v. Ylst*, 930 F.2d 29, at *1 (9th Cir. 1991) (unpublished table decision) (citations omitted) ("Any challenge to the length or duration of confinement is redressable only in habeas corpus. A Section 1983 action for damages by state prisoners may be maintained provided the prisoner attacks only the conditions of his confinement and not its fact or duration."); *Lumpkin v. Bellevue Police Dep't*, Case No. 2:23-CV-01086. Thus, even if the Court erred in its analysis of the relation back doctrine being limited to Rule 15(c)(3) of the Federal Rules of Civil Procedure, *see* Docket 66 at 7–10; *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200 (9th Cir. 2014) ("Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient."), Mr. Johnson's damages claim for wrongful pretrial detention cannot proceed in federal court. And any claims against Defendant Axelsson for her role in the provision of medical care to Mr. Johnson arose in 2017 and were thus time-barred long before this action was filed.

[11] Dockets 15, 17.

[12] Docket 20.

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 3 of 19
Case 4:21-cv-00027-SLG   Document 82   Filed 10/23/24   Page 3 of 19

summary, the SAC removed the State of Alaska as a Defendant and instead names 15 Defendants, including two groups of unknown Defendants. They include three attorneys (Brainerd, Bullis, and Hansen); seven state court judges (Blankenship, Harbison, Christian, McConahy, MacDonald, Peterson, and Seekins); a probation officer, Whitman; the Superintendent at Fairbanks Correctional Center ("FCC") in 2017, Axelsson; the unknown superintendents at FCC at any time from July 8, 2017 through November 6, 2019; and the unknown medical directors at FCC at any time from July 8, 2017 until November 6, 2019.[13] Count I of the SAC alleges that all Defendants are liable for 719 days of Mr. Johnson's unnecessary incarceration in violation of Mr. Johnson's right to due process under the Fourteenth Amendment.[14] Count II alleges that Plaintiff was assaulted on July 8, 2017, and FCC medical personnel denied Mr. Johnson a "med-bed" for unknown reasons, in violation of his right to medical care under the Fourteenth Amendment.[15] Lastly, Count III alleges a dereliction of duty by counsel and judicial officers.[16] In support of his claims, Mr. Johnson filed 59 pages of exhibits, which are docket sheets, minutes, motions, and orders from state court cases *State of Alaska v. Bryan Webb Johnson*, Case Nos. 4FA-14-00321CR and

---

[13] Docket 20-2 at 3–5.

[14] Docket 20-2 at 21–22.

[15] Docket 20-2 at 6, 23.

[16] Docket 20-2 at 24.

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 4 of 19
Case 4:21-cv-00027-SLG   Document 82   Filed 10/23/24   Page 4 of 19

4FA-17-00293CR.[17] For relief, Mr. Johnson requests (1) actual damages of $1,438,000.00; (2) punitive damages of $2,157,000.00; and (3) exemplary damages of $2,876,000.00.[18]

The day after the filing of the SAC, the State of Alaska gave notice of a substitution of counsel.[19] Shortly thereafter, the Court issued a text order acknowledging the SAC and stating that it would be screened "pursuant to 28 U.S.C. § 1915A in due course."[20] Mr. Johnson moved to strike the substitution of counsel, because the State of Alaska was no longer a named defendant in the SAC.[21] The State of Alaska responded in opposition and with a cross-motion asking the Court to not screen the SAC, asserting that because Mr. Johnson was not incarcerated at the time he filed his SAC, § 1915A screening did not apply.[22] On August 9, 2022, the Court issued an Order Directing Service of Summons and Complaint, granting the Cross Motion to End Screening Review at Docket 24 and denying as moot the Motion to Strike Substitution of Counsel for Lack of Standing at Docket 23.[23] The Court instructed Mr. Johnson to serve the summons and SAC

---

[17] Dockets 20-3 to 20-29.

[18] Docket 20-2 at 22–25.

[19] Docket 21.

[20] Docket 22.

[21] Docket 23.

[22] Docket 24.

[23] Docket 25.

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 5 of 19
Case 4:21-cv-00027-SLG    Document 82    Filed 10/23/24    Page 5 of 19

on all Defendants within 90 days.[24]

On November 8, 2022, Mr. Johnson filed a motion requesting additional time and assistance from the United States Marshal Service to serve all Defendants.[25] No response was filed. On January 27, 2023, the Court issued a Second Order Directing Service and Response granting Mr. Johnson's request for service assistance from the United States Marshal Service and providing instructions for completing service.[26]

On April 27, 2023, Mr. Johnson filed: (1) an application to proceed without prepaying fees or costs; (2) a motion requesting a volunteer attorney; and (3) a motion for electronic service.[27] Shortly thereafter, the case was reassigned to then-Judge Kindred.[28] On May 17, 2023, the Court denied Mr. Johnson's motions, but granted Mr. Johnson "one final opportunity to complete service within 30 days of this order."[29] Mr. Johnson promptly filed a Motion for Clarification requesting, among other relief, additional time for service.[30] Thereafter, the United States Marshal Service served Defendants Seekins, Harbison, Blankenship, Peterson,

---

[24] Docket 25.

[25] Docket 29.

[26] Docket 30.

[27] Dockets 32–34.

[28] Docket 35.

[29] Docket 36 at 2, 7.

[30] Docket 37 at 9.

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 6 of 19
Case 4:21-cv-00027-SLG   Document 82   Filed 10/23/24   Page 6 of 19

Christian, MacDonald, McConahy, and Axelsson.[31] Defendants Brainerd, Bullis, Clarkson, Whitman, and Hansen remained unserved.[32]

On July 6, 2023, Defendant Axelsson and Defendants Blankenship, Christian, Harbison, MacDonald, McConahy, Peterson, and Seekins ("Defendant Judges") filed Motions to Dismiss at Dockets 53 and 55. Defendant Axelsson asserted Mr. Johnson's claims against her in the SAC were untimely as those claims against her did not properly relate back to the claims against the State in the original Complaint under Federal Rule of Civil Procedure 15(c)(1).[33] The Defendant Judges echoed Defendant Axelsson's arguments on the statute of limitations and the relation back of claims; they also emphasized the additional defense of judicial immunity.[34]

On July 18, 2023, the Court issued an Order Re Motions to Dismiss, which (1) denied Plaintiff's Motion for Clarification at Docket 37; (2) dismissed Defendants Brainerd, Bullis, Whitman, Hansen, and Clarkson without prejudice for failure to serve under Federal Rule of Civil Procedure 4(m); (3) required Mr. Johnson to identify all unnamed Defendants and file a Notice of Substitution within 90 days, after which all unidentified Defendants would be dismissed; and (4)

---

[31] Dockets 42–45, 47–49, 51.

[32] Dockets 41, 46, 50; *see also* Docket 56 at 4.

[33] Docket 53-1 at 8–10.

[34] Docket 55-1 at 13–15.

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 7 of 19
Case 4:21-cv-00027-SLG   Document 82   Filed 10/23/24   Page 7 of 19

accorded Mr. Johnson 21 days to file any opposition to the Motions to Dismiss.[35]

In early August 2023, Mr. Johnson filed a Notice to the Court Re: Service Time Sensitive at Docket 58 and a Motion to Show Receipt of Certified Mail/Docs at Docket 59.[36] The notice identified eight issues: (1) the United States Marshal Service had failed to serve the Attorney General's Office in accordance with Rule 4(d)(8); (2) reconsideration of Mr. Johnson's request for electronic service; (3) reconsideration of his request for a volunteer attorney; (4) clarification on the deadline for the completion of service; (5) notification that the service of process receipts for Defendants Brainerd and Bullis were missing; (6) permission to serve Defendant Brainerd electronically; (7) adjustment of Defendants' answer due date to 60 days rather than 21 days;[37] and (8) clarification on "the number of Defendants [the Attorney General's Office] may represent."[38] The motion stated that the Attorney General's Office had served him with two notices of appearance, two motions to dismiss, and two memoranda in support of the motions to dismiss and it provides the tracking information.[39] Subsequently, at Docket 60, Mr. Johnson filed a Motion to Reconsider Previous Order Dismissing Brainerd as a Defendant,

---

[35] Docket 56.

[36] The Court notes that Docket 57 contains both the Notice and the Motion. For clarity, the Court addresses each as their separate docket entry.

[37] Mr. Johnson is mistaken that state employees are accorded 60 days to respond to a complaint in federal court instead of 21 days. *See* Fed. R. Civ. P. 12(a)(1)(i), (a)(2), (a)(3) (60-day time frame only applies to the United States and its agencies, officers, or employees).

[38] Docket 58.

[39] Docket 59.

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 8 of 19
Case 4:21-cv-00027-SLG    Document 82    Filed 10/23/24    Page 8 of 19

and, at Docket 61, a Motion to Define Requirements for Requesting and Assigning Counsel.

Defendant Axelsson and the Defendant Judges filed a partial opposition to the Docket 58 notice and the Docket 59 motion at Docket 63. As to the issues raised in the notice, those Defendants deferred to the Court's discretion on giving instructions on service, appointing counsel, locating missing process receipts, and any deadlines; but Defendants opposed Mr. Johnson being permitted to serve any Defendant by any means other than that provided by the Local Civil Rules and Federal Rules of Civil Procedure.[40] Defendants did not oppose the motion at Docket 59,[41] and did not respond to the motions at Dockets 60 and 61. In mid-August 2023, Mr. Johnson filed an opposition to the Motions to Dismiss at Dockets 53 and 55, responding that he had delayed filing suit because he believed the State would investigate the matter[42] and that judicial immunity is not absolute and should not apply.[43] The served Defendants replied jointly that neither the untimeliness of the filing of the action nor the absoluteness of judicial immunity could be cured; therefore, they asserted that their dismissal from the case was appropriate.[44]

---

[40] Docket 63 at 2–3.

[41] Docket 63 at 3.

[42] *See* Docket 62 at 6.

[43] Docket 62 at 11.

[44] Docket 64 at 2–3.

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 9 of 19
Case 4:21-cv-00027-SLG   Document 82   Filed 10/23/24   Page 9 of 19

On January 24, 2024, at Docket 66, the Court issued an Order Regarding Pending Motions. First, and despite previously denying Mr. Johnson's motion at Docket 37, the Court again addressed that motion and discussed the case screening requirement of 28 U.S.C. § 1915A;[45] the difference in roles between the State of Alaska as a defendant and the Alaska Department of Law in proving legal representation to its employees; and the contours of sovereign immunity under the Eleventh Amendment.[46] Second, the Court evaluated Defendant Axelsson's Motion to Dismiss at Docket 53 and found that the SAC's claims against Defendant Axelsson did not relate back to the original complaint.[47] Accordingly, the Court granted the Motion to Dismiss at Docket 53 and dismissed Defendant Axelsson from the suit. Third, the Court addressed the Defendant Judges' Motion to Dismiss and held "[e]ach defendant judge is immune from suit in this case."[48] Therefore, the Court granted the Motion to Dismiss at Docket 55 and dismissed the Defendant Judges from the action.[49] Fourth, the Court granted Mr. Johnson's Motion for Reconsideration at Docket 60, finding that the Court had not "allow[ed] him to show good cause for this failure to serve Mr. Brainerd before dismissing his claim as

---

[45] The Court agrees with Mr. Johnson's discussion of the District Court's screening responsibilities and discretionary screening options as set forth in his recent motion. *See* Docket 78 at 6.

[46] Docket 66 at 5–7. The Court notes that due to clerical error Docket 37 remained under advisement in the CM/ECF system, hence the duplicative rulings.

[47] Docket 66 at 7–10.

[48] Docket 66 at 10–12; *but see supra* n.10.

[49] Docket 66 at 12.

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 10 of 19
Case 4:21-cv-00027-SLG    Document 82    Filed 10/23/24    Page 10 of 19

required."⁵⁰  The Court granted Mr. Johnson 30 days to show good cause.⁵¹  Lastly, the Court denied Mr. Johnson's Motion to Define the Requirements for Requesting and Assignment of Counsel, reiterating  Mr. Johnson did not meet the elements of the test established by the Ninth Circuit.⁵²

On March 12, 2024, at Docket 67, Mr. Johnson filed a Motion for Extension of Time, alleging he had been injured in a car accident, and a Notice Re: Statute of Limitations at Docket 68.  The Court declined to address the notice, but granted the Motion for Extension of Time, allowing Mr. Johnson to "make a showing of good cause for his failure to timely service Defendants Mary Bullis and John C. Brainerd by 4/15/2024.  Further options seeking extensions to this deadline will be disfavored."⁵³

On March 28, 2024, the United States Marshal Service filed service of process receipts and returns for Defendants Bullis and Brainerd and a bill of costs.⁵⁴  Defendant Bullis's process receipt shows that service remained unexecuted because she no longer worked at the address provided.⁵⁵  Defendant Brainerd's process receipt shows that the United States Marshal Service used

---

⁵⁰ Docket 66 at 13–14.

⁵¹ Docket 66 at 14.

⁵² Docket 66 at 14–15.

⁵³ Docket 69.

⁵⁴ Dockets 70–72.

⁵⁵ Docket 70 at 2.

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 11 of 19
Case 4:21-cv-00027-SLG    Document 82    Filed 10/23/24    Page 11 of 19

FedEx and that the address provided was to a mailbox at a UPS Store.[56]

On April 15, 2024, Mr. Johnson filed his statement of good cause, titled as Response to Court Order.[57] Relying on purported statements made by the United States Marshal Service, Mr. Johnson asserted that service on Defendants Bullis and Brainerd had been completed.[58] Additionally, he requested that the Court enter a default judgment for each of those Defendants, because they had not responded in a timely manner.[59] Counsel for Defendant Bullis entered a limited appearance on behalf of that Defendant and asserted "Defendant Bullis has not been served and does not waive service."[60] Neither Mr. Brainerd nor counsel for him has appeared in this action.

On July 10, 2024, this matter was reassigned to District Judge Sharon L. Gleason.[61] On August 19, 2024, Mr. Johnson filed a Motion for Court to View Judge Kindred's Retirement as Sua Sponte Recusal as His Court Orders Show Actual &/or Appearance of Bias; plus Motion to Reasses[s] his Orders for Legality and Ethics.[62] On August 20, 2024, Mr. Johnson filed an amended version of that

---

[56] Docket 71 at 2.

[57] Docket 73. The Court notes that because this filing is titled as a response, but includes a request for relief, it will be treated as a motion in this order.

[58] Docket 73 at 2.

[59] Docket 73 at 2–3.

[60] Docket 75 at 2.

[61] Docket 76.

[62] Docket 77.

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 12 of 19

same motion.[63] He requests that this Court view the resignation of former Judge Kindred as a "sua sponte recusal . . . and reassess the orders he filed in this case."[64] Mr. Johnson states that "[u]pon review, the Court may find evidence of *actual bias/prejudice* and/or *appearance of bias*."[65] Mr. Johnson challenges the orders at Dockets 36, 56, and 66.[66] Out of an "abundance of caution," previously dismissed Defendants State of Alaska, Axelsson, and the Defendant Judges responded construing the motion as filed under Federal Rule of Civil Procedure 60(b)(6).[67] Collectively, they assert that Mr. Johnson provided no legal or factual support for his assertions; rather, he attacks "decisions unfavorable to him, but 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'"[68]

## II. LEGAL STANDARD

The Court treats Mr. Johnson's recent motions as seeking to have the Court reconsider former Judge Kindred's orders. Pursuant to this Court's local rules, it will ordinarily deny a motion for reconsideration absent a showing of "(A) manifest error of the law or fact; (B) discovery of new material facts not previously available;

---

[63] Docket 78.

[64] Docket 78 at 1.

[65] Docket 78 at 1 (emphasis in original).

[66] Docket 78 at 1.

[67] Docket 80 at 1–2. Because no final judgment has yet been entered, Rule 60(b) is inapplicable at this time.

[68] Docket 80 at 2–3 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 13 of 19
Case 4:21-cv-00027-SLG   Document 82   Filed 10/23/24   Page 13 of 19

or (C) intervening change in law."[69] Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[70]

### III. DISCUSSION

#### A. Motions before the Court

This Court has undertaken a thorough review of this case file in an effort to understand the history of this litigation. As a preliminary matter, the Court finds that Mr. Johnson's challenges to the prior orders based on the former judge's resignation from judicial office to be without merit.[71] 28 U.S.C. § 144 requires that a party must raise the issue of bias or prejudice (1) on motion made in good faith (2) with an affidavit of facts and reasons; (3) within 10 days of the proceeding or longer with good cause shown.[72] 28 U.S.C. § 455(a) requires that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, the statute mandates judges to disqualify themselves where they may have personal knowledge of evidentiary facts, a conflict of interest, or a financial interest that could be affected by the outcome.[73] None of the factors listed under either statute exist in this case; nor were they alleged in Mr. Johnson's

---

[69] Alaska L.Civ.R. 7.3(h)(1).

[70] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

[71] *See* Dockets 77, 78.

[72] 28 U.S.C. § 144.

[73] 28 U.S.C. § 455(b).

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 14 of 19
Case 4:21-cv-00027-SLG   Document 82   Filed 10/23/24   Page 14 of 19

latest motions.[74] Indeed, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[75] Accordingly, the Motion and Amended Motion for Court to View Judge Kindred's Retirement as Sua Sponte Recusal as His Court Orders Show Actual &/or Appearance of Bias; plus Motion to Reasses[s] his Orders for Legality and Ethics at Dockets 77 and 78 are **DENIED**.

At present, two Defendants remain unserved: Bullis and Brainerd. At Docket 70, the process receipt for Defendant Bullis demonstrates that service of the summons and complaint remains unexecuted. At Docket 71, the process receipt shows that the United States Marshal Service improperly executed service on Defendant Brainerd. Rule 4(e) of the Federal Rules of Civil Procedure permits service to be performed in accordance with state law. Rule 4(h) of the Alaska Rules of Civil Procedure permits service of process by mail, using "registered or certified mail, with return receipt." Service of process by mail "is complete when the return receipt is signed."[76] This necessitates that service be made via one of these methods of the United States Postal Service, not by a private carrier, and that a return receipt be filed with the Court. Neither of these requirements have been met as to Defendant Brainerd. Accordingly, Defendants Bullis and Brainerd remain unserved. Therefore, the entry of a default judgment against either of them

---

[74] *See* Dockets 77, 78.

[75] *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008).

[76] Alaska R. Civ. P. 4(h).

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 15 of 19
Case 4:21-cv-00027-SLG   Document 82   Filed 10/23/24   Page 15 of 19

would be improper. The Response to Court Order at Docket 73, construed as a motion because it requests relief from the Court, is **DENIED**.

## B. **Defendants Brainerd and Bullis are not State Actors for Purposes of Liability under Section 1983**

In the Screening Order at Docket 10, the Court reviewed Mr. Johnson's original Complaint at Docket 1. The Court explained the requirements for pleading a claim and the required elements to articulate his claims as a civil rights action under 42 U.S.C. § 1983.[77] The Court gave leave for Mr. Johnson to file an amended complaint in compliance with the fundamental elements of a § 1983 civil rights action.

The SAC does not mention 42 U.S.C. § 1983.[78] However, the Court liberally construed the SAC as having been filed pursuant to 42 U.S.C. § 1983, as the SAC alleges violations of federal constitutional rights and Section 1983 is the proper vehicle to assert such rights. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege plausible facts that, if proven, would establish "(1) the defendants acting under color of state law (2) deprived the plaintiff of rights secured by the Constitution or federal statutes."[79] To act under color of state law,

---

[77] Docket 10 at 4–13.

[78] *See* Docket 20.

[79] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 16 of 19
Case 4:21-cv-00027-SLG   Document 82   Filed 10/23/24   Page 16 of 19

a complaint must allege that the defendant acted with state authority as a state actor.[80]

An attorney appointed to represent a criminal defendant in a state court proceeding is "as a matter of law . . . not a state actor."[81] Such an attorney, whether from the Office of Public Advocacy, Public Defender's Agency, or by contract is "no doubt[] paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."[82] It does not matter that a state criminal defense lawyer is paid from public funds. "Except for the source of payment, . . . the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program."[83]

The only remaining defendants in this matter are two attorneys who previously represented Mr. Johnson as court-appointed counsel.[84] Defendants Bullis and Brainerd, as a matter of law, are not state actors. The decisions of the United States Supreme Court make clear that a court-appointed attorney cannot

---

[80] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[81] *See Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

[82] *Id.* (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).

[83] *Polk Cnty.*, 454 U.S. at 318–19 (internal quotation marks omitted).

[84] Docket 20-2 at 11–13, 16.

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 17 of 19
Case 4:21-cv-00027-SLG   Document 82   Filed 10/23/24   Page 17 of 19

be sued under the federal civil rights statute, 42 U.S.C. § 1983.[85] And this is the only federal statute that could apply to Mr. Johnson's claims against Defendants Bullis and Brainerd in federal court. Because the claims against these Defendants cannot proceed as a civil rights action under federal law, these Defendants must be dismissed.

Mr. Johnson has tried, unsuccessfully, for over two years to serve these two Defendants. And the United States Marshal Service attempted service on Defendant Brainerd in a manner not permitted by the applicable federal rule. But any additional attempts at service on either of these Defendants would be futile at this point, because Mr. Johnson's claims against his former attorneys cannot be pursued in a Section 1983 action in federal court.

## IV. CONCLUSION

All named Defendants have been dismissed and all unnamed defendants have not been identified and named defendants substituted in their place, as was ordered to occur in July 2023. Any further attempt to file an amended complaint in this action would be futile. The judicial defendants are immune from suit; the former attorneys are not state actors; any claims against the former superintendent for medical care in 2017 are time-barred; and damages recovery in federal court under Section 1983 for a state law speedy trial violation appears to be

---

[85] *See Polk Cnty.*, 454 U.S. at 314–19.

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 18 of 19
Case 4:21-cv-00027-SLG   Document 82   Filed 10/23/24   Page 18 of 19

unavailable.[86] Thus, while this Court certainly does not endorse the conduct of state officials with respect to the processing of Mr. Johnson's state criminal cases, this action must be dismissed.[87]

**IT IS THEREFORE ORDERED:**

1. The relief requested in the Response to Court Order at Docket 73 is **DENIED**.

2. The Motion and Amended Motion for Court to View Judge Kindred's Retirement as Sua Sponte Recusal as His Court Orders Show Actual &/or Appearance of Bias; plus Motion to Reasses[s] his Orders for Legality and Ethics at Dockets 77 and 78 are **DENIED**.

3. All claims against all Defendants in this action, named and unnamed, are DISMISSED.

4. The Clerk shall enter a final judgment accordingly.

DATED this 23rd day of October 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[86] *See supra* n.10. *But see* Docket 10 at 10 (initial Screening Order in this case discussing possible negligence claim under state law for alleged wrongful incarceration and citing *Kinegak v. State, Department of Corrections*, 129 P.3d 887, 893 (Alaska 2006)).

[87] *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Case No. 4:21-cv-00027-SLG, *Johnson v. Brainerd, et al.*
Order of Dismissal
Page 19 of 19
Case 4:21-cv-00027-SLG     Document 82     Filed 10/23/24     Page 19 of 19